IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>vs.<br><br>**CHRISTAL ELOISE MILLER,**<br>**Defendant.** | **CASE NO: 4:20-CR-71-ALM-KPJ** |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Christal Eloise Miller's ("Defendant") Motion to Reopen Detention (the "Motion") (Dkt. 458), wherein Defendant requests to reopen the matter of detention to consider a fourth candidate who is purportedly willing to serve as a third-party custodian. On January 26, 2021, the Government filed its response (Dkt. 473). On February 3, 2021, the Court heard oral argument on the Motion at a hearing (the "Hearing"). *See* Dkt. 486. Having considered the briefs, oral arguments, and applicable authority, the Court finds the Motion (Dkt. 458) is hereby **DENIED**.

### I. BACKGROUND

On March 12, 2020, a Federal Grand Jury returned an Indictment charging Defendant in Count I with a violation of 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine). *See* Dkt. 1. The United States moved to detain Defendant pending trial. *See* Dkts. 402, 411, 420, 426.

The Court held a detention hearing on November 30–December 1, 2020, during which the Court heard the testimony of Drug Enforcement Agency Agent Marcus West and the testimony of proposed third-party custodian Kimberly Ann Bowen ("Ms. Bowen"). *See* Dkts. 420, 426. During the two-day hearing, the Government raised questions regarding Ms. Bowen's criminal

1

background. Hence, the Court took the matter under advisement pending review of Ms. Bowen's criminal history. *See* Dkt. 426. After the Court reviewed the specifics of Ms. Bowen's criminal background, confirmed by the pretrial service officer, the Court notified the parties that Ms. Bowen's criminal history made her an unsuitable third-party custodian in this case.

Defendant subsequently identified two other individuals—Chad Mashburn and Wayne Putman—as possible third-party custodians. *See* Dkt. 435. Pursuant to the request of Defendant's counsel, the pretrial officer spoke with both individuals and reported relevant information from such conversations to the Court. *See* Dkt. 439.

On December 15, 2020, the Court held a status conference to revisit the matter of detention. *See* Minute Entry for December 15, 2020. On the record, the Court stated its reasons as to why Chad Mashburn and Wayne Putman were not suitable third-party custodians. *See id.* That same day, the Court entered an Order of Detention, memorializing the finding that Ms. Bowen was not a suitable third-party custodian, despite Ms. Bowen's credible testimony and genuine concern for Defendant's well-being. *See* Dkt. 439. Ultimately, the Court found that Ms. Bowen's significant criminal history, which includes convictions for fraud and burglary, could not assure the Court that any set of conditions or combination of conditions could reasonably assure the safety of the community. *See id.*

On January 14, 2021, Defendant filed the present Motion (Dkt. 458), offering Pamela Russell ("Ms. Russell") as Defendant's fourth candidate for a third-party custodian. Pursuant to the request of Defendant's counsel, the pretrial officer spoke with Ms. Russell and ascertained Ms. Russell's relationship with Defendant. The pretrial officer reported Ms. Russell's son and Defendant's stepson were friends growing up, and that Ms. Russell was likely an acquaintance of Defendant.

Subsequently, the Court heard oral argument on the Motion. *See* Dkt. 486. At the Hearing, the Government argued that, under *United States v. Stanford*, 367 F. App'x 507 (5th Cir. 2010), Defendant was barred from reopening the matter of detention by way of Ms. Russell. *See id.* Specifically, the Government contended Ms. Russell's willingness to serve as a third-party custodian did not constitute "new information" within the meaning of 18 U.S.C. § 3142(f). *See id.* Defendant's counsel argued that he did not know of Ms. Russell's candidacy and willingness, though Defendant may have known of Ms. Russell's potential to serve as a third-party custodian for some time. *See id.*

## II.     ANALYSIS

Having reviewed the applicable authorities, the Court finds Defendant cannot reopen the matter of detention by way of Ms. Russell. Under the Bail Reform Act, a hearing may be reopened at any time before trial "if the judicial officer finds that [1] information exists that was not known to the movant at the time of the hearing and [2] that has material bearing on the issue [of risk of flight or dangerousness]." 18 U.S.C. § 3142(f). Here, Ms. Russell's potential as a third-party custodian has a material bearing on the issue of risk of flight and dangerousness. Thus, the primary question before the Court is whether the offering of a friend or acquaintance constitutes information "that was not known" to Defendant within the meaning of 18 U.S.C. § 3142(f).

The Fifth Circuit and other federal courts of appeals have been clear that friends and family who are willing to testify in support of a defendant's release do not constitute "new information" within the meaning of the statute. In *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989), a case binding on this Court, the Fifth Circuit wrote: "[Defendant] seeks a second hearing [for conditional release] on various statutory grounds. First, he seeks to have his sister, mother, and friend testify [he is not a flight risk]." *Id.* at 799. The Fifth Circuit upheld the trial court's refusal to reopen the

Case 4:20-cr-00071-ALM-KPJ   Document 488   Filed 02/10/21   Page 4 of 6 PageID #:   1371

detention hearing, holding, "We agree with the district court that the testimony of Hare's family and friends is not new evidence." *Id.* Thus, *Hare* counsels the Court to find that Ms. Russell's willingness to serve as a potential third-party custodian, as Defendant's friend or acquaintance, does not constitute new evidence within the meaning of the statute.

The Fifth Circuit similarly held in two opinions for *United States v. Stanford*, 341 F. App'x 979 (5th Cir. 2009) ("*Stanford I*"), and 367 F. App'x 507 (5th Cir. 2020) ("*Stanford II*"). In *Stanford I*, the Fifth Circuit reviewed the defendant's first motion to reconsider the matter of detention, wherein the defendant offered the affidavits of friends, family, and former employees. *See* 347 F. App'x at 981, 984. The Fifth Circuit affirmed the trial court's refusal to reopen the detention hearing, holding the testimony of friends, family members, and former employees did not constitute "new evidence" within the meaning of the Bail Reform Act. *Id.* at 984.

In *Stanford II*, the Fifth Circuit reviewed the defendant's second motion to reconsider. *See* 367 F. App'x at 509. There, the defendant argued "because of his declining physical and mental conditions in custody, family members and other supporters had 'recently pledged' to assist him in hiring 'armed off-duty peace [officers] to guard him 24 hours a day/seven days a week' in order to assure his appearance at court proceedings." *Id.* The Fifth Circuit held that, even though his friends and family's willingness to hire officers was new, the fact that the defendant had willing friends and family members was previously presented to the Court, and this new form of willingness did not constitute new information that was not known under the statute. *Id.* at 510–11.

Two other federal courts of appeals have reached similar findings. *See United States v. Dillon*, 938 F.2d 1412, 1415–16 (1st Cir. 1991) (holding relatives and friends who had previously

appeared at hearings did not constitute new information); *United States v. Bennett*, 46 F.3d 1132, 1132 (6th Cir. 1995) (noting testimony of friends and family is not new evidence).

Further, in *United States v. Flores*, 856 F. Supp. 1400 (E.D. Cal. 1994), the Eastern District of California noted a party cannot be "less than diligent in bringing forth all material evidence the first time a [detention] hearing is held" and denied a motion to reopen the matter of detention. *Id.* at 1406. The court reasoned the "belated introduction" of witnesses whom the party "had significant opportunity" to contact did not warrant reopening a detention hearing. *Id.* at 1406–07.

Here, Defendant and Defendant's counsel had adequate notice of the criteria by which the Court evaluates proposed third-party custodians. From the date of Defendant's Initial Appearance on November 24, 2020, Defendant has had approximately two (2) months to offer a custodian meeting the Court's criteria. Prior to Ms. Russell, Defendant offered three candidates for third-party custodianship and the Court held a two-day detention hearing, as well as a status conference on the matter. *See* Dkts. 420, 426; Minute Entry for December 15, 2020. While the Court is sympathetic towards Defendant's circumstances, the Court cannot hold successive hearings and status conferences *in seriatim*, particularly if the issue pertains to friends, family members, and acquaintances who may serve as a third-party custodian. As the Fifth Circuit and other jurisdictions have made apparent, proposing new witnesses whom Defendant had a significant opportunity to contact does not constitute new information previously unknown at the time of Defendant's first detention hearing. Reopening the matter of detention is not warranted.

### III.    CONCLUSION

For the foregoing reasons, the Court finds Defendant's Motion (Dkt. 458) is hereby **DENIED**. Defendant is to remain in the custody of the United States Marshal pending trial.

**So ORDERED and SIGNED this 10th day of February, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE